I hear the next case Hartford Courant v. Carroll. Good morning, your honors, and may it please the court, Assistant Attorney General Alma Nunley for the appellants. This case boils down to one fundamental question, whether a juvenile accused of a serious crime must be treated in an identical manner to an adult. Logic and experience make clear that the answer is no. States may and in certain circumstances must treat juveniles charged. Once they're transferred to the criminal court, aren't they treated in every respect like an adult other than confidentiality? No, your honor. There's a number of ways that they are treated differently, including up until sentencing. First of all, a juvenile that's charged but not convicted resumes their status as a juvenile. They can be transferred back. They can be transferred to the youthful offender docket, and these transfers aren't a static thing. It isn't that once they're transferred from the juvenile docket to the criminal docket, they always remain there. There's some... Let's talk about the trial. The trial itself, it's a jury trial. It's for a serious crime. You're facing many years in jail. It's in a regular criminal court. In all respects, the trial is identical, and we have said in the New York Civil Liberties case and other cases, it's the nature of the proceedings. The district court said it's not the characteristics of the defendant that decides whether or not the First Amendment attaches. It's the nature of the proceedings. Those are the elements and also the First Amendment reasons for making it open. All the reasons, fairness, preventing government abuse, public confidence, all those things, discouraging perjury, government misconduct, all those things apply equally to this type of proceeding, or are we missing something? I believe you are, Your Honor, because many of those same concerns would apply to juveniles in other contexts, and yes... A juvenile proceeding, it's not a crime. It's a delinquency. It's not a conviction. You serve in a juvenile facility. It's rehabilitative. It's not punitive. Juvenile proceedings are very different. They are different, Your Honor. However, it isn't merely rehabilitative. There is a punitive component to it, and the Supreme Court has held when applying certain constitutional protections to those juveniles that they're not even guaranteed that they are going to be kept in a separate facility, that they can be placed in many states in an adult facility in something that is punishment. You said a moment ago that some juveniles are transferred back or to other proceedings, but not all of them are, right? Aren't there some where it's mandatory that it happens in the adult proceeding and the regular criminal proceeding? There are automatic transfers for Class A and certain Class B felonies, but even for those Class B felonies, the case can be transferred back, and even for a Class A felony, if the charges are later reduced, the case may be transferred back to juvenile court or to the youthful offender docket. There's no guarantee upon the time of So part of your rationale is that all of these defendants, every one of the juveniles transferred to the regular criminal docket could be transferred back to the juvenile docket. Is that right? Yes, Your Honor. If it's a Class A felony, a mandatory Class A felony could get transferred back? If the charges are already transferred. So essentially, full well with Class A felonies. But if that's the only compelling reason that the state was seeking to protect, there's a much more narrow way of trying to deal with that than sealing the proceedings. Nobody can attend the trials. All the documents are sealed for all the other cases that you could try to draft a statute that would narrowly create a time period remains under seal while it's being litigated, whether or not it should be transferred back. This certainly is not that narrow. Mm hmm. Well, it is narrow in the sense that if a case does go to trial and does go to verdict, it is no longer confidential at that point, that there is a public interest. That the state's access is critical. In the case of Abu Hamara and many other cases, it's not just later access, it's contemporaneous access. You know, as a district court judge, I've had 10 cases that we transferred to adult status involving alleged murders involving MS-13 gang. If there was a federal statute equivalent to Connecticut, there would be like a secret docket. Ten trials could potentially take place with nobody knowing about it, the public not knowing about it. And, you know, I think that's a problem. I was quite surprised to see the state of Connecticut taking the position. The First Amendment does not apply to these types of proceedings. Your Honor, the amicus points out that there's a movement in the country to raise the age of the types of cases that are transferred. And there has been even a movement to raise it to 21. And if that was the case, then none of these cases would be public even after verdict. And on the narrowly tailored point, aren't there less restrictive alternatives to protecting the privacy of the juveniles? No, Your Honor, because the default confidentiality rule here is the least a judge has to make specific findings. I mean, there's a presumption of openness. And here, the statute flips it. Why couldn't it be done with the requirement that the proceedings not be sealed unless specific findings of need are made by the court? Well, similar to the way that the Supreme Court has set certain categorical prohibitions against sentences for defendants that were juveniles at the time of the offense, the same concerns apply here, where the risk of bias against that juvenile defendant, in light of the charges brought against them, is so great that the categorical rule is the method used. The interest in bias is only before there's a verdict, in which case it's going to be released. So the interest is a more limited one. It's bias against a juvenile during the period until the juvenile is convicted, or perhaps if they're not convicted. But it's not a general interest in bias against juveniles because you are going to release the information upon a plea agreement or a conviction, right? Yes, because since there is no right of access, the state's able to set the policy and balance the interest of the public with the interest in protecting the defendant here. What I'm suggesting is you're not really protecting against bias if you release the name of the person eventually, right? Well, it's a risk of bias. Release the name of the person who's just under consideration, just not all the details of the proceeding. I'm sorry, could you repeat the question, Your Honor? Is there also some kind of limited release of the status of the juvenile also, even if the public doesn't have access to the details of the proceeding? The statute permits for Class A felonies and capital felonies that the court may disclose the name and arrest and custody status of the defendant, but it's permissive and not mandatory. In the same manner that... But you could have a situation where a judge disclosed the name and yet under the statute it would still be a sealed trial, right? You could, Your Honor, yes. What interest are you protecting then? Now the name is out there, all the stigmatization has happened, and yet the public still doesn't get access. Well, the stigmatization, some might happen, but not to the same extent that if the full details were released. What about the fact that the statute seems to be written that even if you're acquitted, your name still gets disclosed upon acquittal. It just says after a verdict. So how is that addressing the expert's concerns about stigmatization? Yes, Your Honor. The state has made the determination here that if a defendant has been acquitted, then if the information is released at the time of that acquittal, then they've already had that public vindication and there's no risk of that stigma attaching if the case never goes to verdict because it's transferred back or gnollied or dismissed. Defendant wants to have the public have access to the proceeding. They think they're being treated unfairly and think it should be scrutinized. Is the defendant able to say, I want this to be released, I want the newspapers and the press to come and view my proceeding? Your Honor, the statute is silent as to that, but I will say that I'm unaware of a single instance where a defendant has requested that and it's been denied. And in fact, there has been at least one public instance where a defendant has requested that the proceeding be opened and the court has granted that. For victims, it seems that the victims can get access to the documents, but there's no provision that says victims or victims' families can attend the proceedings. Is there any provision for that? Let me just clarify that one moment, Your Honor, before I answer that. It's about the judge being able to, when a certain finding is made, release the documents, but nothing about opening the proceeding to anybody. And you also could have a situation where a defendant is charged with one murder as an adult and one that he committed as a juvenile under the statute. He'd be publicly tried on the adult one and under a SEAL proceeding, tried under the juvenile one, right? Even though he was an adult now. That is correct, Your Honor. But the concern with protecting him has to do with the consequences of his conduct or the accusation of that contact at the time that he was a juvenile. And looking at it at the time of the offense is consistent with the rules for who is eligible for juvenile full offender proceedings. But how does it affect the, so if the state has an interest in protecting juveniles from unfair bias, how is that interest served by sealing the proceedings of someone who is an adult and everybody acknowledges as an adult, they're being tried, but they're being tried for conduct that occurred when the person was a juvenile? Well, while the state's interest is absolutely strongest when the defendant remains a juvenile at the time of prosecution, psychology shows and our experts' testimony showed that individuals don't finish developing well into their 20s. The vast majority of these defendants, even if they pass the age of 18, are still within their early 20s. And if somebody in their early 20s just appeared on the criminal docket for conduct that the person committed when he was 19, aren't the same interests at play, but there's no confidentiality for that person. Well, the state has to draw a line somewhere in terms of juvenile eligibility and adult eligibility. And at this point in time, that age is 18. All right. You have some time for rebuttal. We'll hear from the other side. Thank you, Your Honor. Good morning, Your Honors. May it please the court. I'd like to reframe the question presented as the defendant stated it. The sole question presented in this case is whether Connecticut can, consistent with the First Amendment, enact and enforce a statute that automatically and categorically seals all judicial records, including docket sheets, in criminal prosecutions in which a defendant was under the age of 18 at the time the crime was committed. As the district court correctly held, longstanding precedent of the Supreme Court and of this court make clear that it cannot. The preliminary injunction that was entered by the district court should be affirmed for the following reasons. First, contrary to defendant's arguments, the First Amendment presumption of access unequivocally applies here. The Supreme Court has held and repeatedly reaffirmed that a constitutional presumption of openness in errors in the very nature of a criminal prosecution under our system of justice. And that presumption is undergirded by, in the words of the court, a quote, uncontradicted, unbroken history supported by reasons as valid today as in centuries past. And this court has applied the First Amendment presumption of access not only to criminal trials themselves, but to a wide range of pretrial and post-trial criminal proceedings, as well as to court dockets and documents filed in connection with criminal proceedings. And in doing so, as Judge Bianco noted, it has looked without exception, just as the Supreme Court did in Richmond newspapers, in Press Enterprise 1 and Press Enterprise 2, and in Globe, not to the age of the criminal defendant, but to the nature of the proceeding in question. But the presumption applies to civil proceedings too, all these other proceedings that you've mentioned. So why doesn't your argument suggest that it should apply to the delinquency and youthful offender proceedings? Well, Your Honor, that question's not before the court, whether it would apply to youthful offender or juvenile delinquency proceedings. I think the work the proceeding does and the strength of the First Amendment interest, to the extent that juvenile delinquency proceedings are not subject to a First Amendment right of access, it is because they are fundamentally different from a criminal proceeding to which the Supreme Court in this court has consistently held the First Amendment right of access attaches. Well, the Supreme Court sometimes says that rights are different for juveniles than they are for adults. The death penalty for people who commit the conduct as a minor is unconstitutional, whereas it's not the same for adults. So why don't we have also a principle in the law that says sometimes we treat people differently if they did the conduct as an adult or a juvenile, even if they're part of the same process? Well, the question before the court isn't about treatment of the juvenile defendant. It's about the public's and the press's First Amendment right to a proceeding. And that inquiry turns on the nature of the proceeding itself. And there is a close relationship between the defendant's Sixth Amendment right to a public trial and the public's First Amendment right of access, but those are distinct rights. And while a defendant can waive its Sixth Amendment right to a public trial, he or she cannot demand a secret trial because of the First Amendment right of access. Counsel, can you address this issue of someone being transferred back to the juvenile court? Obviously, if that were the compelling reason for sealing, this is not really tailored to achieve just that. But what's your response to that as to why that's not an important, compelling reason to try to seal, in some respect, these proceedings? I would respond to that in a couple of ways, Your Honor. First, I would note that that isn't the majority of the types of cases we're talking about. So we're talking about the defendants kind of outlier cases as a rationale for justification. Actually, I had this question. You reminded me. If the trial starts, is there any way the person, let's say, Class A felony and the trial starts, is there any way it could be transferred after the trial starts back to juvenile court? Is that not possible? It's my understanding, Your Honor, pursuant to the statutory framework, that a transfer can occur back to the youthful offender docket or to the juvenile delinquency product or docket, excuse me, at any time prior to a verdict or guilty plea being entered. So that is a possibility. Again, I would think a remote possibility, but a possibility. I would say there's a, you know, we cite in our brief to a provision that applies admittedly to the youthful offender docket, 54-76C, that provides for sort of limited sealing during the time period when a transfer motion is being considered and the court's determining whether or not to transfer that case back. But even setting that aside, and I think the defendants have taken the position that doesn't apply in every case. That may not apply in every case, but district courts or courts, trial courts, have the capability to evaluate on a case-by-case basis whether sealing is necessitated by compelling interest. So there are other mechanisms if sealing is necessary, far more tailored mechanisms to achieve... So you could have a statute that said if it is a high likelihood at some point this is going to be transferred back, maybe that particular case could be sealed to some extent. That would be that type of narrow provision, in other words. It would certainly be more narrowly tailored than what we have here, Your Honor. And just to turn back to, I would say to turn back to the question of the First Amendment right of access, because I think that the defendants' arguments, to the extent they have any hope of success, turn on this question of whether or not the First Amendment right of access applies, because I think it's pretty evident that the statute at issue here is clearly not narrowly tailored and doesn't... Some of the considerations that apply to juvenile proceedings for preserving privacy, they would apply here as well, right, potentially to a transferred case. Do you mean the interests in potentially... Yeah, the state's interest in maintaining confidentiality, the privacy of the individuals involved. Those interests don't disappear just because a case is transferred, do they? Well, I think I would respond to that in two ways, Your Honor. First, I would say based on the transfer, the public, the press has an interest that comes into play, and that is why the presumption of access applies, because of the nature of the proceeding at issue. Certainly, the district court below, and I think this is important to emphasize, the district court below fully credited the state's expert's testimony over... Fully considered the state's expert's testimony over the Hartford Courant's objections to that. It fully credited the state's interest in preventing stigma from attaching to a juvenile defendant or the stigma that can apply following a criminal convention. And you're not challenging that now? You're just saying it's outweighed by the public's interest and the press's interest? I would say... It recognizes that the state could have a compelling interest in a given case, but the appropriate way of dealing with that is individual sealing determinations in individual cases. So it really is a question of if the First Amendment presumption of access attaches, which we argue strenuously that it does, then the question is, is the state's solution motivated or necessitated by a compelling interest? And is it narrowly tailored? And I think our response to both questions, in fact, we would go further than the district court is no. The statute is not well tailored, let alone narrowly tailored to the interests that have been asserted by the state. In part, as Judge Menasci noted, the records are automatically unsealed when a verdict or guilty plea is entered. Therefore, any kind of interest in protecting a juvenile defendant from the stigma of a criminal record or the public's knowledge of a criminal conviction, for that reason alone, it's not furthered by this particular statute. And certainly the statute is not narrowly tailored for the reasons that we've outlined in our brief. Among other things, it applies to defendants who are over the age of 18. As the record reflects, there were four defendants over the age of 25, and three of whom were over the age of 30 at the time of the effective date of the act on October 1, 2019, whose cases were sealed. And there were some unknown number of defendants between the ages of 18 and 25. And so that alone, I think, demonstrates that the state's interest, this notion of protecting juveniles, is just simply not furthered by this particular statute. Thank you. We hear the rebuttal. Yes, Your Honors. First, in terms of... What about the last point, that there are a number of defendants who are over 18, over 25, over 30? Doesn't that suggest the statute is too broad? No, Your Honor. Those same defendants, if they were charged with an offense that was not transferred, would be eligible to have their case heard on the juvenile docket. And there's no argument that the juvenile docket itself isn't narrow because it permits somebody who committed a crime... But the difference is, the cases were transferred to the regular criminal docket. Yes, Your Honor. They were transferred, but whether or not a case is heard in front of a different judge shouldn't change the right of the defendant to have the state to set confidentiality. How often does that happen? Is somebody who's 50 years old tried in the juvenile docket? I do not have that exact information, Your Honor. I think it is... Below that age, obviously, would have their case heard on the juvenile docket. If the Supreme Court said in Globe that a mandatory closure rule is not permissible for the compelling reason regarding the testimony of a minor assault victim, how could we conclude that such a mandatory closure rule is permissible when it deals with a minor defendant? Isn't it really the same type of framework or analysis? No, Your Honor. At the point in time in a criminal proceeding where that minor victim would be regarding the crime and the individual asked to testify, that would permit an individualized hearing to be sufficient to protect their interest. But when a case is transferred, as the court noted in Miller in the context of sentencing, the judge often does not know then what she will learn about the offender or the offense over the course of the proceedings. And if the case is automatically open, then if it's later determined that the case should have confidential, there's no way to put that information back in even if the record is sealed. It will always remain in the public eye. All right. Thank you both. We'll reserve decision.